UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISHMAEL JOHNSON,

        Petitioner,

    v.

GARY SWARTHOUT, Warden,

        Respondent.
    _____/

No. C 13-506 EMC (pr)

**ORDER ON INITIAL REVIEW**

## INTRODUCTION

Ishmael Johnson, an inmate at the California State Prison -Solano, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition discloses the following: Petitioner was convicted in the Alameda County Superior Court of murder, carjacking, and attempted murder, with sentence enhancements. On December 13, 2007, he was sentenced to life imprisonment without the possibility of parole plus six years. He appealed. His conviction was affirmed by the California Court of Appeal in 2010, and his petition for review was denied by the California Supreme Court in 2010. Petitioner apparently did not file any petitions for writ of habeas corpus in state court.

Petitioner then filed this action, seeking a writ of habeas corpus. The petition has a proof of service showing it was mailed to the Court on January 27, 2013. The envelope in which the petition

arrived at the courthouse was postmarked January 31, 2013. The petition was stamped "received" on February 1, 2013 and "filed" on February 5, 2013.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and Court need not expend resources addressing the claims

in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

Petitioner has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel is DENIED. (Docket # 2.)

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Petitioner.

2. Respondent must file with the Court and serve upon Petitioner, on or before **May 31, 2013**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **June 28, 2013**.

4. Respondent may file and serve a reply on or before **July 12, 2013**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

///

6. Petitioner's motion for appointment of counsel is DENIED. (Docket # 2.)

7. Petitioner's *in forma pauperis* application is GRANTED. (Docket # 4.)

IT IS SO ORDERED.

Dated: March 22, 2013

_____
EDWARD M. CHEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISHMAEL JOHNSON,

    Plaintiff,

v.

GARY SWARTHOUT et al,

    Defendant.

Case Number: CV13-00506 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ishmael Johnson G-13794
CSP-Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: March 22, 2013

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

5