UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISHMAEL JOHNSON, | No. C-13-0506 EMC (pr) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| GARY SWARTHOUT, Warden, | |
| Respondent. | |

## I.   INTRODUCTION

Ishmael Johnson filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Mr. Johnson has filed an opposition and supplemental opposition to the motion. For the reasons discussed below, the Court finds the petition to be untimely and dismisses it.

## II.   BACKGROUND

Mr. Johnson was convicted in the Alameda County Superior Court of first degree murder in the course of an attempted carjacking. *See People v. Johnson*, 2010 WL 2354750, *1 (Cal. Ct. App. 2010). On April 18, 2008, he was sentenced to life imprisonment without the possibility of parole. *See* Docket # 10 at 2.

Mr. Johnson appealed. The California Court of Appeal affirmed the judgment of conviction on June 14, 2010. The California Supreme Court denied his petition for review on September 29, 2010. Mr. Johnson did not file any petitions for writ of habeas corpus in state court.

More than two years after his conviction became final, Mr. Johnson filed this action, seeking a writ of habeas corpus. The federal petition for writ of habeas corpus has a proof of service showing it was mailed to the Court on January 27, 2013, although the petition was not stamped "filed" at the Court until February 5, 2013. As a *pro se* petitioner, Mr. Johnson receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume that he gave the petition to prison officials for mailing on the date of the proof of service, i.e., January 27, 2013, and deem the federal petition filed as of that date.

### III.    DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on December 28, 2010, ninety days after the California Supreme Court denied the petition for review on September 29, 2010. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Mr. Johnson to file his federal petition was December 28, 2011. He missed that deadline by thirteen months, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Mr. Johnson receives no statutory tolling because he

1 did not file any petitions for writ of habeas corpus or other collateral review in the California state
2 courts.

3 The one-year limitations period can be equitably tolled because § 2244(d) is not
4 jurisdictional. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "'A litigant seeking equitable
5 tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights
6 diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 2566 (quoting
7 *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *See also Rasberry v. Garcia*, 448 F.3d 1150, 1153
8 (9th Cir. 2006). The petitioner bears the burden of showing that equitable tolling should apply to
9 him. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

10 In his opposition to the motion to dismiss, Mr. Johnson has urged that the lateness of his
11 petition should be excused because there was a delay in his receipt of materials from counsel, he was
12 separated from his trial transcripts and other property for a couple of months in 2012, and he was in
13 prisons in which there were "a series of prison lockdown[s]" that affected him in unstated ways.
14 Docket # 11 at 2. Noting that there was no *evidence* to support Mr. Johnson's unverified assertions,
15 the Court gave him a second chance to provide evidence:

> Petitioner may file a declaration signed under penalty of perjury and may submit any other evidence he has to explain why he should receive equitable tolling of the statute of limitations period. With regard to his assertion that he did not receive all his materials from counsel in a timely manner, he must state the date(s) on which he requested the materials from counsel and the date(s) on which counsel provided the requested materials. With regard to his assertion that he was subjected to prison lockdowns, he needs to explain when the lockdowns occurred, how long each of the lockdowns lasted, and whether a paging system was available to obtain law library materials during the lockdowns.

22 Docket # 12 at 1-2. Mr. Johnson has chosen not to file a declaration, although he has sent a letter to
23 the Court with some documents. Mr. Johnson has failed to show that he is entitled to any equitable
24 tolling, let alone enough equitable tolling to make his federal habeas petition timely.

25 First, Mr. Johnson has asserted that his "appellate attorney did not ship all of petitioner's]
26 transcripts until early July 2011, even then all the notes and documents were not enclosed." Docket

1  # 11.[1]  Despite being told of the need to provide details about "the date(s) on which he requested
2  materials from counsel and the date(s) on which counsel provided the requested materials," Docket #
3  12 at 1-2, Mr. Johnson has not provided any evidence (a) that he asked for the materials before July
4  2011; (b) as to the dates on which he received the materials other than the transcripts; or (c) that he
5  needed the other parts of his file to prepare his federal petition.[2]  Without evidence as to whether and
6  when he requested materials from his former attorney, it cannot be determined that counsel caused
7  any of the delay or that Mr. Johnson acted with reasonable diligence in attempting to obtain the files
8  or to file his federal petition.  Even if Mr. Johnson requested the materials immediately upon the
9  conclusion of his appeal and did not receive the transcripts until July 2011, Mr. Johnson still had
10  more than five months remaining to meeting the federal habeas deadline.  "[T]here is no indication
11  that had [the petitioner] received the files sooner, he would have filed a federal habeas petition
12  within the one-year limitations period."  *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010)
13  (state-appointed counsel's failure to provide petitioner his legal papers did not warrant equitable
14  tolling because it did not cause petitioner to be unable to file a federal habeas petition).  Further, he
15  has not shown that he needed the complete case file to prepare his federal petition.  The fact that
16  legal claims portion of his federal petition is just a photocopy of his state appellate brief suggests the
17  alleged absence of the complete case file did not prevent him from filing his federal petition by the
18  deadline.  *See generally Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (affirming district court's
19  determination that petitioner was not entitled to equitable tolling based on lack of access to his legal

---

[1] Mr. Johnson also has argued that the docket sheet for the appeal in the California Court Appeals demonstrated that documents were shipped as late as May 25, 2011.  Docket # 11 at 1-2.  Mr. Johnson misunderstands the docket entry.  The state appellate court's docket shows that exhibits were shipped from the appellate court to Alameda County; it does not show that anything was shipped to him or to his appointed attorney.  *See* Docket # 10 at 11.

[2] In his letter, Mr. Johnson has blamed his former attorney for failing to provide him "with a letter saying what was asked of the court," although Mr. Johnson has not explained what information was expected to be in that letter.  Docket # 13 at 1.  Mr. Johnson also has not explained why he (i.e., Mr. Johnson) could not provide the requested information that surely was within his own knowledge, i.e., when he asked for documents, what documents he received later and when he received them.  Also, there is no reason to expect that a former attorney would know the other information the Court requested in the Order Re. Supplemental Evidence, i.e., the dates of prison lockdowns and whether a paging system existed at the prison.

1  files because the record showed petitioner was aware of the factual basis for his claims without the
2  files).
3      Second, Mr. Johnson has argued that he should receive equitable tolling due to "a series of
4  prison lock-down[s]" on unstated dates that affected him in unstated ways. *See* Docket # 11 at 2.
5  Despite being informed of the need to provide evidence as to "when the lockdowns occurred, how
6  long each of the lockdowns lasted, and whether a paging system was available to obtain law library
7  materials during the lockdowns," Docket # 12 at 2, Mr. Johnson has provided no evidence that he
8  was subjected to lockdowns during the relevant time period. The only document he has provided is
9  an annual review summary showing that he had been in a Level IV prison from May 2009 through
10 May 2010, but that date range predated the commencement of Mr. Johnson's one-year limitations
11 period and the document does not show that the Level IV prison was on lockdown at any given time.
12 *See* Docket # 13 at 6. Even if he had provided evidence of lockdowns during the relevant time
13 period, Mr. Johnson has failed to state how any lockdown actually affected him, e.g., he has not
14 asserted that he was trying to go to a law library but was disallowed due to a lockdown or that there
15 was no paging system available. Mr. Johnson has failed to show that any lockdown was an
16 extraordinary circumstance that prevented him from timely filing his federal habeas petition. Mr.
17 Johnson has not described any situation beyond the routine prison circumstances that most habeas
18 prisoners face. He has not shown that his Level IV prison placement is an extraordinary
19 circumstance or one that made it impossible for him to file on time. "Ordinary prison limitations on
20 . . . access to the law library and copier" do not amount to extraordinary circumstances or make it
21 impossible to file on time. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *see, e.g.,*
22 *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (prisoner's *pro se* status, law library
23 missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too
24 busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison
25 life"). He has not shown that there was a complete denial of law library access, a bar to litigation
26 activities, or a denial of his legal materials at the place where he was housed. *Cf. Espinoza-*
27 *Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (denial of access to prisoner's legal
28 materials during 11 months he was in administrative segregation supported equitable tolling for

prisoner who attempted to obtain those materials to prepare petition). Nor has Mr. Johnson offered any evidence that he actually attempted to use the resources – i.e., to visit the library or to make requests for legal materials through the paging system – and was unsuccessful.

Finally, Mr. Johnson has urged that equitable tolling should apply because he was separated from his property, including his "trial transcripts, [and] the additional writs and briefs" for approximately two and half months after his transfer from High Desert State Prison to C.S.P. - Solano, where he arrived in June 2012 and where he received his property in August 2012. Docket # 11 at 2. Even if he was separated from his legal materials in the Spring and Summer of 2012, it does matter because the separation occurred months after the statute of limitations deadline had expired in December 2011. The event that occurred after the limitations period expired cannot reasonably be said to be the cause of a delay during the limitations period.

Mr. Johnson has not shown that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. The limitations period will not be equitably tolled. His federal petition was deemed filed on January 27, 2013, thirteen months after the limitations period had expired. The petition must be dismissed because it was not filed before the expiration of the habeas statute of limitations period.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c).

///
///
///
///
///
///
///
///

### IV. CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 10.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The Clerk will close the file.

IT IS SO ORDERED.

Dated: February 24, 2014

_____
EDWARD M. CHEN
United States District Judge

7